UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE APPEAL FROM THE ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §§ 362(d)(1) AND (d)(4) (DKT. 1) JS-6**

**I.   Introduction**

On July 22, 2019, James G. Maxwell, Debtor and Appellant ("Maxwell" or "Appellant"), filed a petition under Chapter 13 of the Bankruptcy Code (the "Petition"). Appellant's Excerpts of Record (Dkts. 16, 16-1, 16-2 ("EOR")) at 1.[1] Maxwell held an interest in the real property where he resided; it is located at 1701 Via Zurita, Palos Verdes Peninsula, California, 90274 (the "Property"). *Id.* at 1. The Petition was filed on July 22, 2019 at 10:28 a.m., and a fax receipt shows notice of its filing was transmitted by fax at 10:41 a.m. *Id.* at 81, 86. A foreclosure sale on the Property was scheduled for that same day at 11:00 a.m. *Id.* at 83. At that sale, Appellee, Magnum Property Investments, LLC ("Magnum" or "Appellee"), through its bidding agent, Strategic Acquisitions, Inc., purchased the Property. *Id.* at 29.

On July 24, 2019, Appellee Magnum filed a motion for relief from the automatic stay, and to annul or in the alternative, an order declaring that no stay is in effect ("Motion"). *Id.* at 3, 9-71. A hearing on the Motion was scheduled for August 20, 2019. *Id.* at 3. Prior to the hearing that day, the bankruptcy court published a tentative ruling granting the Motion, and the corresponding relief from the automatic stay. *Id.* at 5, 99-100. On the morning of the hearing, Maxwell filed an Opposition to the Motion for Relief from the Automatic Stay, which was supported by his declaration. It offered an explanation for the late filing of the Petition and his general pattern of untimeliness ("Opposition"). *Id.* at 5, 72-96. The bankruptcy court conducted a hearing on the Motion, and then granted it, i.e., relief from the automatic stay. *Id.* at 97-108 (transcript of hearing). For the reasons stated in the tentative ruling and on the record, on August 21, 2019, the bankruptcy court entered an order granting the Motion for retroactive annulment of the automatic stay ("Order"). *Id.* at 109, 122-24.

---

[1] Citations to the EOR use the internal page reference, rather than the docket page stamp, to facilitate the discussion in this Order. All other citations to the docket refer to the docket page stamp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
|---|---|---|---|
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

On September 4, 2019 Maxwell filed a timely notice of appeal from the Order. Dkt. 1.[2] Appellant and Appellee each filed an opening brief on the appeal. Dkts. 16, 18. Appellant filed a reply brief. Dkt. 19. The matter was then taken under submission. Dkts. 12, 17.

## II.     Background

### A.     Maxwell's Prior Filing

Appellant's Deed of Trust, which secured a promissory note of $1,020,000, with respect to a loan made as to the Property, was recorded on January 24, 2007. EOR at 31-32. On June 21, 2018, a Notice of Default and Election to Sell Under Deed of Trust was recorded, which stated that the past due payments amount was $36,994.58. *Id.* at 51-55. On February 19, 2019, a Notice of Trustee's Sale ("NOS") was recorded. *Id.* at 58. It stated the foreclosure sale would proceed on April 9, 2019, and that the unpaid balance of the loan and other charges at that time was $1,043,990.02. *Id.* at 58-60.

Appellant filed his first Chapter 13 bankruptcy petition on April 18, 2019. *Id.* at 64. The bankruptcy court dismissed this "skeleton filing" for a "failure to file a complete schedules and statements." *Id.* at 66, 75. On May 31, 2019, a new Notice of Trustee's Sale was recorded. *Id.* at 83-84. It provided that the prior date for the foreclosure sale had been continued to July 22, 2019 at 11:00 a.m. *Id.* It stated that the unpaid balance on the loan and other charges was $1,066,763.43. *Id.* A Federal Tax Lien of $88,851.94 for tax years 2012 and 2013 had also been recorded with respect to the Property. *Id.* at 62.

Maxwell submitted a declaration in support of his Opposition to Appellee's Motion. In it he declared that the most recent bankruptcy petition "was not filed in bad faith because [he] was able to reach a settlement offer with the IRS to resolve [his] tax liabilities," which made it financially feasible for Maxwell to implement a Chapter 13 plan in his second bankruptcy filing. *Id.* at 75. As a further explanation for his last-minute filing of the Petition and the Opposition to the Motion, Maxwell declared that he "ha[d] been very ill lately with constant doctor visits and hospital stays." *Id.* Copies of certain of Maxwell's medical records were attached to the declaration. *Id.* at 87-94. Appellant's second bankruptcy proceeding was dismissed on September 27, 2019. *Id.* at 7.

### B.     The Decision of the Bankruptcy Court

#### 1.     Tentative Ruling & Oral Ruling

On August 20, 2019, the bankruptcy court lodged a tentative ruling that would grant the Motion. *Id.* at 5, 109-11. The tentative ruling stated that it "terminate[d] the automatic stay under 11 U.S.C. [§§] 362(d)(1) and (d)(4)" and "grant[ed] the request for retroactive annulment of the stay." *Id.* at 109. The ruling also stated that there was "sufficient evidence that Debtor was involved" in the "scheme" referenced in Section 362(d)(4) and "Debtor [was] given clear notice that the movant seeks an express finding that Debtor was involved." *Id.* at 110.

---

[2] Appellee elected to proceed with the appeal before this Court, rather than with the Bankruptcy Appellate Panel. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

At the hearing on the Motion, Maxwell's counsel made an appearance, without previously notifying Appellee that it intended to do so, and opposed the tentative ruling. *Id.* at 101-02. Counsel explained that, because Maxwell was currently in the hospital, there was a delay in having him sign his declaration, which was part of the Opposition to the Motion. *Id.* at 100-01.

In response to the statements as to Maxwell's medical conditions, the bankruptcy court observed that it "looks as if . . . the medical conditions are being used as an excuse both for the last-minute notice of the foreclosure and for not providing an opposition to this motion" until the morning of the hearing, nor providing "some other sort of notice of [the Opposition and appearance at] this hearing in any meaningful manner." *Id.* at 104. The bankruptcy court was skeptical as to the claim that Maxwell's medical condition prevented timely action on the many matters. The court stated that, "although it's possible that the medical conditions were enough to do all of those things, that really isn't tied together in the papers." *Id.*

With respect to the Petition, the bankruptcy court noted that, although "the Debtor's alleged resolution of the IRS debts and other circumstances might make this case more feasible," it was "hard for [the court] to know without a lot more information and analysis" that the Debtor could pursue a reasonable bankruptcy process. *Id.* at 105-06. The bankruptcy court added that "it's very disruptive for a purchaser at a foreclosure sale" not to be able to keep the property, while facing uncertainty about the associated costs of the process and the hardship of making a cash payment. *Id.* at 106.

After noting that "it's conceivable that a better case [could] be laid out" by Appellant, the bankruptcy court concluded:

> [W]e've got two different instances here, the very last-minute notice before the foreclosure sale of the bankruptcy filing and then the very last-minute opposition to this motion for relief from the automatic stay . . . and I'm not prepared to believe that there was that much inability to oppose.  And so on this record I have to stick with the tentative ruling, grant the relief from stay, including the annulment and the in rem relief[.]

*Id.* at 107.

### 2. Order Granting Motion for Relief from Stay

On August 21, 2019, which was the day after the hearing, the bankruptcy court issued the Order granting the Motion under sections 362(d)(1) and (d)(4) and incorporating the tentative ruling. *Id.* at 122-27. The bankruptcy court found that the "filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved . . . [m]ultiple bankruptcy cases affecting the Property" and that "Debtor was involved in this scheme." *Id.* at 123.

### III. Issue Presented for Appeal

This appeal presents the following issue: Whether the bankruptcy court erred in granting Appellee retroactive relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

**IV.     Analysis**

      A.     Legal standards

Conclusions of law by a bankruptcy court are reviewed de novo, but its findings of fact are reviewed for clear error. *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (internal quotations omitted). "The district court may affirm [a bankruptcy court order] on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." *Thrifty Oil Co. v. Bank of Am., Nat'l Tr. and Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003); *In re DeMasi*, 227 B.R. 586, 587 (D.R.I. 1998) ("[The] Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record.").

A bankruptcy court's decision retroactively to lift an automatic stay is reviewed for abuse of discretion. *In re Nat'l Env't Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

      B.     Application

           1.     <u>Standard for Granting Retroactive Relief from the Stay Under 11 U.S.C. § 362(d)(1)</u>

"Central to the bankruptcy 'case' as to which exclusive Article I federal jurisdiction lies is the automatic stay imposed by 11 U.S.C. § 362(a)." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000). "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition." *Id.* It "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor, enforcement of prior judgments, perfection of liens, and 'any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case.'" *Id.* at 1081-82.

"Actions taken in violation of the stay are void." *In re Nat'l Env't Waste Corp.*, 129 F.3d at 1054 (citing *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir.1992)). Section 362(d) provides a means for a court to grant relief from the automatic stay to a party in interest, i.e., "by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d). Section 362(d) "gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Nat'l Env't Waste Corp.*, 129 F.3d at 1054 (internal quotations and citation omitted).

The Ninth Circuit Bankruptcy Appellate Panel has declined to adopt an "extreme circumstances" test, and instead applies a "balancing of the equities" test in determining whether a bankruptcy court should retroactively annul the automatic stay. *In re Fjeldsted*, 293 B.R. 12, 24 (9th Cir. B.A.P. 2003). In *National Environmental Waste*, the Ninth Circuit identified two factors courts consider in determining whether there is cause to grant relief from the automatic stay: "(1) whether the creditor was aware of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." 129 F.3d at 1055. In *Fjeldsted*, the Ninth Circuit Bankruptcy Appellate Panel identified the following additional factors that may be considered when deciding whether it would be appropriate to annul a prior stay:

1. Number of filings;
2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;
4. The Debtor's overall good faith (totality of circumstances test): *cf. Fid. & Cas. Co. of N.Y. v. Warren (In re Warren)*, 89 B.R. 87, 93 (9th Cir. BAP 1988) (chapter 13 good faith);
5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;
6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;
7. The relative ease of restoring parties to the status quo ante;
8. The costs of annulment to debtors and creditors;
9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;
10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;
11. Whether annulment of the stay will cause irreparable injury to the debtor;
12. Whether stay relief will promote judicial economy or other efficiencies.

*In re Fjeldsted*, 293 B.R.at 25. *Fjeldsted* noted that these factors provide "a framework for analysis and not a scorecard," and any one factor could outweigh others depending on the facts and circumstances. *Id.*

        2.    <u>The Bankruptcy Court Did Not Err in Granting the Motion Under 11 U.S.C. § 362(d)</u>

The bankruptcy court granted the Motion under sections 362(d)(1) and (d)(4). They provide:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> . . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . (B) multiple bankruptcy filings affecting such real property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
|---|---|---|---|
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

To qualify for the "for cause" relief provided in section 362(d)(1), the party seeking such relief must be "a party in interest." 11 U.S.C. § 362(d). The term "party in interest" is not defined in the Code. Generally, a "party in interest" is a person who, under the applicable substantive law, has the legal right whose enforcement is being pursued or is the party entitled to bring an action. *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983) (citations omitted). A purchaser of the debtor's residence at a mortgage foreclosure sale is a party in interest with standing to seek relief from the automatic stay. *In re Funes*, No. CV 14-6003 PA, 2014 WL 6896030, at *3 n.2 (C.D. Cal. Dec. 4, 2014) (citing *In re Cruz*, 516 B.R. 594, 602-03 (9th Cir. B.A.P. 2014) (successful bidder at a foreclosure sale had standing to move for relief from an automatic stay even without having received a trustee's deed upon sale)). Under these standards, Appellee qualifies as a party in interest and had standing to bring the Motion.

A review of the record here shows several facts align with the factors set forth by the Ninth Circuit and the Ninth Circuit Bankruptcy Appellate Panel that are used to assess whether to annul a stay. The July 22 filing was Appellant's second bankruptcy filing in less than four months. The prior filing had been dismissed for failing to file all necessary bankruptcy documents. EOR at 2-3. Appellant filed the Petition less than a half hour before the foreclosure sale was scheduled to proceed. *Id.* at 81, 83. Although Appellant contests this statement as to timing, Appellee, which purchased the Property at the sale, claims to have had no notice of the Petition or of any reason the sale should not go forward. *Id.* at 27; Dkt. 18 at 7. Therefore, it was reasonable for the bankruptcy court to have found that these circumstances reflected an intent by Appellant to delay or hinder his creditors. EOR at 115. Further, Appellee moved promptly in seeking relief from the stay. It filed the Motion within two days after the Petition was filed. *Id.* at 3.

Appellant also failed to file his Opposition to the Motion in a timely manner. Instead, he filed it on the day of the hearing on the Motion. Appellant further failed to provide notice to Appellee of the Opposition and his appearance at the hearing. *Id.* at 101-02. Under Local Bankruptcy Rule 9013-1(h), the bankruptcy court may deem failure timely to file and serve required documents to be consent to the relief sought in a motion. LBR 9013-1(h).

The central bases for the decision by the bankruptcy court were undisputed facts, as shown in the record. The bankruptcy court acknowledged that Appellant had presented a few facts that could have warranted that less weight be given to the factors that led to granting the Motion. These factors included the multiple bankruptcy filings by Appellant and his pattern of untimeliness during bankruptcy proceedings. Appellant also alleged that he had approximately $600,000 in equity in the Property. This was based on his valuation of the Property at $1,855,000. EOR at 74. However, the record does not include any substantial evidence as to this valuation. Nor does it contain evidence offered by Appellant that he had made payments toward the default after the time that he received the initial Notice of Default. Nor does it show that Appellant presented evidence to rebut the claim that the amount he owed for the loan increased between the NOS of February 19, 2019 and the NOS of May 31, 2019. *Id.* at 58-60, 83-84.

Given the absence of persuasive, responsive evidence from Appellant to the several factors that weigh in favor of granting the Motion, there is not a basis to conclude that the decision of the bankruptcy court to grant relief was "illogical, implausible or without support in the record." *TrafficSchool.com,* 653 F.3d at 832. Rather, the record shows that the bankruptcy court did not abuse its discretion in finding that, based on a balancing of the equities, granting the Motion was warranted. Thus, Appellant failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07655 JAK | Date | December 28, 2021 |
| Title | In re James G. Maxwell:<br>James G. Maxwell v. Magnum Property Investments, LLC | | |

make a sufficient showing as to why granting the Motion would result in imposing greater prejudice on Appellant than was warranted by all of the facts and circumstances.

Finally, Appellant argues that relief was not appropriate under section 362(d)(4) because Magnum is not a creditor. Dkt. 16 at 14-15. The bankruptcy court made the required finding that "[t]he filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved . . . (2) multiple bankruptcy cases affecting the Property" and found that "the Debtor was involved in this scheme." EOR at 115. Under 11 U.S.C. § 362(d)(4), retroactive relief from a stay may be granted: "with respect to a stay of an act against real property under subsection (a), *by a creditor* whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors" involving, in relevant part, "multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4) (emphasis added). The plain language of that provision supports the view that its application is limited to a creditor who is seeking relief. However, it is unnecessary to resolve this issue because the grounds for finding cause under section 362(d)(1) were a sufficient basis to grant the Motion and, therefore, to affirm that decision.

**V.      Conclusion**

For the reasons stated in this Order, the decision of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                                                                :

Initials of Preparer    tj